

ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY  10016-1314
212.682.7474 TEL
212.687.2329 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
212.338.3634
nmarschean@foley.com

June 22, 2022

**Via ECF**
Hon. Rachel P. Kovner
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:   *United States of America et al v. Maimonides Medical Canter
> et al*; Case No. 1:19-cv-04239-RPK-SJB

Dear Judge Kovner:

Our firm represents Defendants Maimonides Medical Center ("Maimonides") and MMC Pharmacy, Inc. ("MMC Pharmacy," together, "Defendants") in the above-referenced action.  Pursuant to Your Honor's Individual Rules, Defendants respectfully submit this letter request to vacate the Clerk's Entry of Default (ECF No. 38) and to request a new deadline of June 30, 2022 for Defendants to respond to the Complaint.[1]  This deadline constitutes twenty-one (21) days after Defendants received the summonses and complaint.  This is consistent with the response deadline set forth in Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

Prior to filing this letter request, Defendants' counsel contacted counsel for Relator, who has consented to Defendants' request to vacate the Clerk's Entry of Default and the institution of a new deadline for Defendants to answer or otherwise respond to the complaint.

## I.      Relevant Background

On March 23, 2022, Relator Yitzchok Zylberberg ("Relator") in the above-referenced action served summonses and the complaint on the New York Secretary of State as statutory agent for Maimonides and MMC Pharmacy.  (*See* ECF No. 35).  However, the New York Department of State did not forward the summons and complaint to Defendants until June 6, 2022 – ***75 days after initial service***.  The New York Department of State's cover letter for the complaint and summonses was dated June 6, 2022, with MMC Pharmacy and Maimonides receiving the cover letter and forwarded summons and complaint on June 9, 2022.  True and correct copies of the cover letters, summonses,

---

[1] Rule IV of Your Honor's Individual Practices does not require a pre-motion conference for a request to vacate a Clerk's Entry of Default.  Given the expediency of this issue, Defendants make their request via letter motion.  However, Defendants stand ready to provide any additional information the Court requires to consider the relief requested herein.

AUSTIN            DETROIT            MEXICO CITY        SACRAMENTO        TALLAHASSEE
BOSTON            HOUSTON            MIAMI              SALT LAKE CITY    TAMPA
CHICAGO           JACKSONVILLE       MILWAUKEE          SAN DIEGO         WASHINGTON, D.C.
DALLAS            LOS ANGELES        NEW YORK           SAN FRANCISCO     BRUSSELS
DENVER            MADISON            ORLANDO            SILICON VALLEY    TOKYO

4858-1806-7493.5



**FOLEY & LARDNER LLP**

June 22, 2022
Page 2

complaints sent to Defendants, and confirmation of the date of their receipt are attached hereto as Exhibit 1 (MMC Pharmacy) and Exhibit 2 (Maimonides).

In the intervening months between Relator's service on the New York Secretary of State and Defendants receiving the forwarded summonses and the complaint, the original deadline to respond to the complaint, April 13, 2022, passed, and the Court directed Relator to move for default by May 16, 2022.  04/16/22 Order.  Accordingly, Relator requested a Clerk's Entry of Default on May 13, 2022, which was entered on May 16, 2022.  *See* ECF Nos. 37 and 38.  Relator has not yet moved for default judgment, and Defendants file this letter motion well before the July 15, 2022 deadline to do so.

Immediately upon receiving the forwarded summonses and complaint, Defendants sought to retain counsel and prepare to appear in this action to provide a substantive response on the merits of this Complaint.

For the reasons set forth below, Defendants respectfully request this Court vacate the Clerk's Entry of Default (ECF No. 38) pursuant to Rule 55(c) of the Federal Rules of Civil Procedure and institute a new deadline of June 30 for Defendants to respond to the Complaint.

II.     **Legal Basis Supporting Request to Vacate Clerk's Entry of Default**

Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause…" District Courts consider the following three non-dispositive factors when determining whether "good cause" exists to vacate the entry of default under Rule 55(c): (1) the willfulness of the default; (2) the existence of a meritorious defense to the defaulted claims; and (3) prejudice to the non-defaulting party should relief be granted.  *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 171 (2d Cir. 2001). Moreover, entry of default is generally disfavored and considered an extreme sanction in this circuit. *See Brady v. W. Overseas Corp.*, No. 04-CV2878, 2008 WL 4936875, at \*4 (E.D.N.Y. Nov. 14, 2008) ("Any doubts as to whether a default should be vacated must be resolved in favor of trial on the merits").  All three factors weigh in Defendants' favor.

First, Defendants have not willfully defaulted.  Willfulness is found "where there is evidence of bad faith or the default arose from egregious or deliberate conduct."  *Int'l Reformed Univ. & Seminary v. Newsnjoy USA*, No. 13-CV-3156, 2014 U.S. Dist. LEXIS 32043, 2014 WL 923394, at \*3 (E.D.N.Y. Mar. 10, 2014).  This is not the case here.  Defendants had no notice of this action until June 9, 2022, as the New York Department of State took ***two and a half months*** to forward the complaint and summons to Defendants.  As soon as Defendants became aware of this action, they sought to engage counsel and to appear in this action to defend against the Relator's claims on the merits.  Even in cases less clear cut than this one, courts have found that a party was not willful in its default.  *See Fabien v. Cnty. of Nassau*, No. CV 18-1294 (ENV) (ARL), 2019 U.S. Dist. LEXIS 186638, at \*5 (E.D.N.Y. Oct. 25, 2019) (finding county attorney did not willingly default when his



**FOLEY & LARDNER LLP**

June 22, 2022
Page 3

office's management software timely assigned him the case, but he did not become aware of the assignment until reviewing his end-of-year case list upon which he immediately filed an appearance and request to vacate entry of default).

Second, Defendants are in the process of preparing a request for a pre-motion conference in advance of filing an anticipated motion to dismiss each of the Complaint's six claims that allege violations of federal and New York State False Claims Acts (FCA and NYFCA), the Stark Law (42 U.S.C. § 1395nn(a)), New York Public Health Law § 238-a, Anti-Kickback Statute (42 U.S.C. § 1320a-7(b)(b)), and New York State Education Law § 6530(17).

As a preliminary matter, the counts alleging violations of the Stark Law (Count III), New York Public Health Law section 238-a (Count IV), and Anti-Kickback Statute (Count V), must be dismissed because none of these statutes permit a private right of action. Rather, the Stark Law is enforced by the Secretary of the United States Department of Health and Human Services, and the New York Public Health Law section 238-a is enforced by the commissioner of health of the state of New York, or the commissioner's designee. 42 U.S.C. § 1395nn; N.Y. Pub. Health Law §§ 2(b), 238-a. Meanwhile, the Anti-Kickback Statute is a criminal statute. 42 U.S.C. § 1320a-7b(b). These statutes do not contain provisions authorizing actions to be brought by private parties. Moreover, the Complaint does not state violations of any of these statutes.

Next, the count alleging violations of the New York State Education Law section 6530(17) (Count VI) must be dismissed because the statute is not applicable to Defendants, which are a hospital and a pharmacy. That law covers professional misconduct by licensed physicians, physician's assistants, and special assistants. Section 6530 is part of New York Education Law, Art. 131-A, "Definitions of Professional Misconduct Applicable to Physicians, Physician's Assistants and Specialist's Assistance." Furthermore, the statute provides an administrative scheme, to be administered by the board of professional medical conduct, to govern misconduct by licensees, and does not provide for any private enforcement. N.Y. Educ. Law § 6532.

As to the FCA (Count I) and NYFCA (Count II) counts, Defendants' defenses include that the Complaint does not contain the level of specificity required by Federal Rules of Civil Procedure 8(a) and 9(b). Because the FCA and NYFCA claims sound in fraud, Relators must satisfy the heightened pleading requirements of Rule 9(b). *See United States ex. rel. Wood v. Applied Research Assocs., Inc.,* 328 F. App'x 744, 747 (2d Cir. 2009). Per Rule 9(b): "In alleging fraud . . . , a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "To satisfy Rule 9(b)'s particularity standard, a plaintiff must '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent.'" *United States ex rel. Gelbman v. City of New York*, 790 F. App'x 244, 247 (2d Cir. 2019); *see also DiVittorio v. Equidyne Extractive Indus., Inc*., 822 F.2d 1242, 1247 (2d Cir. 1987) ("fraud allegations ought to specify the time, place, speaker, and content of the alleged misrepresentations"). "In the FCA context, this requires the plaintiff to 'provide details



**FOLEY & LARDNER LLP**

June 22, 2022
Page 4

that identify particular false claims for payment that were submitted to the government.'" *United States v. Novartis AG*, No. 04CV4265NGGRLM, 2011 WL 13234720, at *6 (E.D.N.Y. Feb. 8, 2011) (citations and quotations omitted). When a complaint "fails 'to specify the time, place, speaker, and . . . even the content of the alleged misrepresentations, . . . it 'lacks the 'particulars' required by Rule 9(b).'" *Wood ex rel. United States v. Applied Rsch. Assocs., Inc*., 328 F. App'x 744, 748 (2d Cir. 2009). Here, the Complaint does not identify even generally any false claim by Defendants, much less does it identify a false claim with specificity. Relator also fails to allege Defendants' scienter or the materiality of alleged conduct by Defendants to a government payment decision, and in doing so Relators have disregarded altogether the "rigorous" scienter and materiality pleading standards that the Supreme Court outlined in *United States ex rel. Escobar v. Universal Health Servs., Inc.*, 579 U.S. 176 (2016). Each of these failures is fatal to the FCA and NYFCA claims.

Defendants' counsel, who were recently retained, are still exploring all bases for potential motions and affirmative defenses, as to each count in the Complaint. The above is a preview. Counsel will be prepared to present a more detailed response to these claims on June 30, the date by which Defendants intend to file a request for a pre-motion conference in advance of filing an anticipated motion to dismiss.

<u>Third</u>, Plaintiffs and Relator will suffer no prejudice if the Clerk's Entry of Default is vacated. In fact, as outlined above, counsel for Relator has given his consent for Defendants to request vacation of default and to set a new response deadline of June 30, 2022, twenty-one (21) days after Defendants became aware of this suit – the same amount of time Defendants would have received if the summons and complaint were forwarded promptly by the New York Department of State.

For all the reasons set forth herein, Defendants request that the Clerk's Entry Default (ECF No. 38) be vacated and for June 30, 2022 to be set as Defendants' deadline to answer or otherwise respond to the Complaint.

Respectfully submitted,

*/s/ Nicole M. Marschean*

Nicole M. Marschean

cc: All Counsel of Record (via ECF)