# EXHIBIT 1

# STATE OF NEW YORK
## DEPARTMENT OF STATE

ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001
WWW.DOS.NY.GOV

KATHY HOCHUL
GOVERNOR

ROBERT J. RODRIGUEZ
SECRETARY OF STATE

June 06, 2022

MMC PHARMACY, INC.
4510 16TH AVENUE
2ND FLOOR
BROOKLYN NY 11204-1101, USA

RE: Party Served:        MMC PHARMACY, INC.
    Plaintiff/Petitioner: UNITED STATE OF AMERICA
    Receipt Number:      202206060286
    Date Served:         03/23/2022
    Section of Law:      SECTION 306 OF THE BUSINESS CORPORATION LAW

To whom it may concern:

Enclosed is a legal document that was served upon the Secretary of State as the designated agent of the above named party. The Department of State is required by law to forward this legal document to the address on file for such party. This office is not authorized to offer legal advice. If you have any questions concerning this document, please contact your attorney.

Sincerely,

Department of State
Division of Corporations, State Records
and Uniform Commercial Code
(518) 473-2492



AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA and STATE OF NEW YORK ex Rel. Yitzchok Zylberberg <br><br> *Plaintiff(s)* <br> v. <br> MAIMONIDES MEDICAL CENTER and MMC PHARMACY, INC. <br><br> *Defendant(s)* | Civil Action No. 19 cv 4239 (FB)(SJB) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Maimonides Medical Center, 1663 10th Avenue, Brooklyn, NY 11215

MMC Pharmacy, Inc., 948 48th Street, Brooklyn, NY 11219

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Bernard Weinreb, Esq.
2 Perlman Drive - Suite 310
Spring Valley, NY 10977

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



BRENNA B. MAHONEY
*CLERK OF COURT*

Date:   3/22/2022

s/ Aaron I. Herrera

*Signature of Clerk or Deputy Clerk*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA and
STATE OF NEW YORK
ex. Rel. Yitzchok Zylberberg
           Relator & Plaintiff

Civil Action No.
19 cv 4239 (FB)(SJB)

**SECOND AMENDED COMPLAINT**

-against-

MAIMONIDES MEDICAL CENTER and
MMC PHARMACY, INC.,
           Defendants.
------------------------------------------------------------X

## INTRODUCTION

1. This is an action under the Federal False Claims Act, 31 U.S.C. sections 3729-3733, the New York State False Claims Act, the Stark Law, the Anti-Kickback Law, the New York Public Health Law and violation of the New York State Education Law section 6530(17) which is brought on behalf of the United States of America and the State of New York by Relator, Yitzchok Zylberberg.

2. Relator alleges that the Defendants systematically submitted Medicare and Medicaid claims to the State and Federal Government in violation of the Anti-Kickback Statute, the Stark Law and other laws set forth herein. As set forth in more detail below, Relator alleges that Defendant Maimonides Medical Center (the "Hospital") operates, owns, and controls an external pharmacy known as MMC Pharmacy, Inc. ("MMC Pharmacy"). Relator alleges that the Hospital illegally steered patients to the MMC Pharmacy in violation of the Anti-Kickback Statute, the Stark law and other laws.

3. Relator has served or will promptly serve a copy of this complaint and a written disclosure on the Government pursuant to 31 U.S.C. section 3730(b)(2).

## JURISDICTION AND VENUE

4. This action is specifically authorized by 31 U.S.C. section 3730(b). This court has subject matter jurisdiction of this matter pursuant to 31 U.S.C. 3730(b) and 28 U.S.C. 1331 and personal jurisdiction in this matter arises, in substantial part, from

Defendants' transaction of business in the State of New York. The activities which form the basis of this Complaint took place in the State of New York, County of Kings. Venue is therefore appropriate in the Eastern District of New York pursuant to 31 U.S.C. section 3732.

## THE PARTIES

5. Relator, Yitzchok Zylberberg ("Relator" or "Zylberberg") is a natural person residing in the State of New York, County of Kings.

6. Relator brings this action on behalf of the United States pursuant to 31 U.S.C. section 3730(b)(1) as well as the laws of the State of New York. Relator is the original source of, and has direct and independent knowledge of, the allegations in this Complaint.

7. Defendant, Maimonides Medical Center (the "Hospital") is a New York not-for-profit corporation with its principle place of business in the State of New York, County of Kings.

8. Defendant MMC Pharmacy, Inc. ("MMC Pharmacy") is a New York business corporation with a principal place of business in the State of New York, County of Kings.

## IV. FACTS

9. The Hospital, was incorporated, and is located, in Kings County, New York, and provides medical services.

10. In 1984, the Hospital created MMC Pharmacy. MMC Pharmacy is located at 948 48th Street, Brooklyn, New York in a building owned and/or used exclusively by the Hospital.

11. Upon information and belief, MMC Pharmacy is owned and/or controlled by the Hospital and, in fact, a chief executive of MMC Pharmacy was/is also the Chief Financial Officer of the Hospital. MMC Pharmacy has the same initials (*i.e.*, MMC), which upon information stands for Maimonides Medical Center, as does the Hospital, and MMC Pharmacy is located on property owned and/or used exclusively by the Hospital during the periods relevant to this Complaint.

12. In or about 1992, a few years after MMC Pharmacy was founded, Mr. Zylberberg went to work for the Hospital's pharmacy department, *i.e.*, the internal pharmacy of the Hospital.

13. Mr. Zylberberg worked for the Hospital as a licensed and registered pharmacist in the State of New York for approximately 27 years until his employment ended in or about January, 2019. Thus, he has firsthand knowledge of the allegations set forth in this Complaint.

14. While employed at the Hospital, Mr. Zylberberg noticed that a majority of Hospital patients who needed prescriptions upon discharge would be steered to MMC Pharmacy; these patients included, upon information and belief, many Medicare and Medicaid patients.

15. Mr. Zylberberg observed that at or around the time of discharge, an employee of MMC Pharmacy would enter the Hospital facility, and bring for the patients in question post-discharge medications to the main Hospital's internal pharmacy. There, the in Hospital pharmacy supervisor or manager would assign an in-patient pharmacist to provide discharge counseling to the discharged patient about medication usage, side effects, allergies, etc. The patient would sign the relevant paperwork at that time.

16. Mr. Zylberberg recognized most of the MMC Pharmacy employees who did the canvassing, as he had been interacting with MMC Pharmacy when they needed to borrow medications and on other occasions. Also, the MMC Pharmacy employees or technicians who did the canvassing wore badges showing that they are employees of MMC Pharmacy.

17. In addition, Mr. Zylberberg himself was, on several occasions, handed medications from the MMC Pharmacy by Hospital personnel and was directed by his supervisor at the Hospital to provide counseling to outpatients regarding the use of these medications. After performing this service on several occasions, Mr. Zylberberg objected to providing such counseling, voicing concerns that it was improper for the Hospital to steer its outpatients to MMC Pharmacy and that the MMC Pharmacy pharmacists who are dispensing such medications are obligated to provide such counseling to the discharged outpatients. On account of his complaint, the Hospital no longer required Mr. Zylberberg to continue providing MMC Pharmacy medications to outpatients and to counsel such

outpatients with regard to the use of the MMC Pharmacy medications. However, the Hospital continued to assign other inpatient pharmacists to continue to do the counseling to the outpatients with respect to the steered MMC Pharmacy medications.

17A. Counseling of discharge patient medications dispensed by MMC Pharmacy were required to be done by the pharmacists who dispensed and billed Medicare and Medicaid for said medications (*i.e.*, by employees of MMC Pharmacy) and not by the inpatient pharmacist who have nothing to do with the dispensing of discharged outpatient prescriptions. The Hospital internal pharmacy had Mr. Zylberberg and other in Hospital pharmacists do the counseling of outpatients contrary to their obligations as in-house staff pharmacists.

18. In addition to discharged patients, upon information and belief, the Hospital also directed patients of the clinic outpatients and the Community Mental Health Center ("CMHC") psychiatric patients to obtain their medication from the MMC Pharmacy.

19. Mr. Zylberberg noticed that only MMC Pharmacy employees were given access to discharged patients, and had such patients counseled in the manner described above. He did not see employees of other retail pharmacies being given access to Hospital outpatients, clinic patients or psychiatric patients in this manner, nor did Mr. Zylberberg ever see patients being given the choice of other pharmacies from which they could obtain their post-discharge prescriptions.

20. Thus, in effect, the Hospital referred, as of the date of the commencement of this lawsuit and, upon information and belief, continues to refer, many, if not most of its, Medicaid and Medicare patients to the MMC Pharmacy to have their prescriptions filled. Each such referral is a violation of the Stark Law, anti kickback laws, the New York Public Health Law and the Federal and State False Claims Acts, and other laws set forth below, and, therefore, on account of these repeated violations of such laws on a daily basis, the Defendants will have violated these laws thousands of times during the period of time covered by this Complaint.

21. Mr. Zylberberg observed these illegal steering incidents on almost a daily basis while he was present at his job at the Hospital. Thus, during the six year period prior to the filing of the Complaint, the Hospital has engaged in the illegal steering to MMC Pharmacy thousands of times.

22. In return for referring the patients to the MMC Pharmacy, the Hospital received substantial amounts of revenue on account of these steered prescriptions, since it owns and/or has a financial interest in MMC Pharmacy.

23. Both the Hospital and the MMC Pharmacy accept Medicare and Medicaid as payment for their services and, as a result, it is certain that a substantial number of the steered medication bills with respect to the steered prescription medications discussed in this Complaint were paid for to the Hospital and MMC Pharmacy by Medicare and Medicaid. These entities have advertised that they accept Medicare an Medicaid. Thus, since the Hospital steers its outpatients, clinic patients and psychiatry patients to the Pharmacy, it is certain that Medicare and Medicaid paid for a substantial amount of these prescriptions.

24. Even without knowing the exact dollar amount of these violations affecting Medicare and Medicaid, it is certain that Medicare and Medicaid have each been defrauded hundreds of thousands of dollars, if not millions of dollars, each, since these billings are in violation of the False Claims Act, the Anti-Kickback laws, the Stark Law, the New York Public Health Law and the other laws set forth below.

25. In addition, and/or in the alternative, the billings were fraudulent in that (1) they were procured in violation of the New York State Education Law Section 6530(17) which forbids steering by prohibiting the "exercise of undue influence on the patient," and (2) the relevant Medicaid certifications for pharmacy claims including, but not limited to, a certification that the prescriptions were furnished in accordance with state laws and regulations.

## AS AND FOR FIRST CLAIM FOR RELIEF
## (FEDERAL FALSE CLAIMS ACT)

26. Relator repeats and realleges the allegations contained in paragraphs 1 through 25, as if set forth fully herein.

27. As set forth above, Defendants knowingly presented, or caused to be presented, to the United States Government, false or fraudulent claims for payment or approval; and/or knowingly made, used, or caused to be made or used, false records or statements to get false or fraudulent claims approved by the United States Government. Since the Hospital and/or MMC Pharmacy was ineligible to receive reimbursements from

5

Medicare and/or Medicaid on account of the fact that such claims for reimbursements were requested on account of illegal referrals under the Stark Law and/or the Anti-Kickback Law, and the Defendants presented claim for payment to the government when the government did not owe this money, the Defendants are liable under the False Claims Act.

28. The United States Government has been damaged as a result of the foregoing.

## AS AND FOR SECOND CLAIM FOR RELIEF
## (NEW YORK STATE FALSE CLAIMS)

29. Relator repeats and realleges the allegations contained in paragraphs 1 through 28, as if set forth fully herein.

30. As set forth above, Defendants knowingly presented, or caused to be presented, to the State of New York false or fraudulent claims for payment or approval; and/or knowingly made, used, or caused to be made or used, false records or statements to get false or fraudulent claims approved by the State of New York. Since the Hospital and/or MMC Pharmacy was ineligible to receive reimbursements from Medicare and/or Medicaid on account of the fact that such claims for reimbursements were requested on account of illegal referrals under the Stark Law and/or the Anti-Kickback Law, and the Defendants presented claim for payment to the government when the government did not owe this money, the Defendants are liable under the State's False Claims Act.

31. The State of New York has been damaged as a result of the foregoing.

## AS AND FOR THIRD CLAIM FOR RELIEF
## (THE STARK LAW, 42 U.S.C. section 1395nn(a))

32. Relator repeats and realleges the allegations contained in paragraphs 1 through 31, as if set forth fully herein.

33. By referring patients to MMC Pharmacy, which it owns and/or has a financial interest in, the Hospital violated the Stark Law, pursuant to which the United States was not to pay for such prescriptions provided by MMC Pharmacy on account of such referrals.

34. Since the Hospital and/or MMC Pharmacy, through its Medicare and/or Medicaid programs, was presented with a requests for payment for such prescriptions when it was not entitled to do so, and the United States Government paid the Hospital

6

and/or MMC Pharmacy these requested amounts through Medicare an/or Medicaid, the United States Government has been damaged as a result of the foregoing.

### AS AND FOR FOURTH CLAIM FOR RELIEF
### (NEW YORK PUBLIC HEALTH LAW section 238-a)

35. Relator repeats and realleges the allegations contained in paragraphs 1 through 34, as if set forth fully herein.

35. By referring patients to MMC Pharmacy, which it owns and/or has a financial interest in, the Hospital violated section 238-a of the New York Public Health Law, pursuant to which New York State was not to pay for such prescriptions provided by MMC Pharmacy on account of such referrals.

36. Since the Hospital and/or MMC Pharmacy, through its Medicare and/or Medicaid programs, was presented with requests for payment for such prescriptions, and New York State paid the Hospital and/or MMC Pharmacy these requested amounts through Medicare an/or Medicaid, the United States Government has been damaged as a result of the foregoing.

### AS AND FOR FIFTH CLAIM FOR RELIEF
### (ANTI-KICKBACK STATUTE, 42 U.S.C. section 1320a-7b(b))

37. Relator repeats and realleges the allegations contained in paragraphs 1 through 36, as if set forth fully herein.

38. By referring patients to MMC Pharmacy, which it owns and/or has a financial interest in, the Hospital violated the Stark Law, pursuant to which the United States was not to pay for such prescriptions provided by MMC Pharmacy on account of such referrals.

39. Since the Hospital and/or MMC Pharmacy, through its Medicare and/or Medicaid programs, was presented with requests for payment for such prescriptions when it was not entitled to do so, and the United States Government paid the Hospital and/or MMC Pharmacy these requested amounts through Medicare an/or Medicaid, the United States Government has been damaged as a result of the foregoing.

## AS AND FOR SIXTH CLAIM FOR RELIEF
## (NEW YORK STATE EDUCATION LAW section 6530(17)

40. Relator repeats and realleges the allegations contained in paragraphs 1 through 39, as if set forth fully herein.

41. By referring patients to MMC Pharmacy, the Hospital violated section 6530(17) of the New York State Education Law, pursuant to which the Hospital may not exercise undue influence on the patient, including the promotion of the sale of drugs, in such manner as to exploit the patient for the financial gain of the Hospital and/or MMC Pharmacy.

42. Since the Hospital and/or MMC Pharmacy, through its Medicare and/or Medicaid programs, presented requests for payment for such prescriptions, and New York State paid the Hospital and/or MMC Pharmacy these requested amounts through Medicare an/or Medicaid, the United States Government has been damaged as a result of the foregoing.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs United States of America and the State of New York, ex rel. Yitzchok Zylberberg, demand a judgment against the Defendants, jointly and severally, with respect to each of the above causes of action, as follows:

An award of money damages for violation of State and Federal False Claims Acts duly trebled, together with civil penalties, punitive damages, compensatory damages, attorneys fees and costs, and for award of damages to which they are entitled for violation of the Stark Law, the Anti-Kickback law, and the New York Public Health Law and such further relief as the Court deems just.

Dated: Spring Valley, New York
November 9, 2021

Bernard Weinreb, Esq.
Attorney for Relator, Yitzchok Zylberberg
2 Perlman Drive, Suite 310
Spring Valley, New York 10977
(845) 369-1019

8

802206 0802X6

Jeff
2327

RECEIVED

JUN - 9 2022

HUMAN RESOURCES
MMC HOLDING OF BKLYN

Rec'd from postal USPS carrier at front Security Desk. No Cert. Mail cart to sign at delivery.



9214 8969 0059 7932 2115 11

USPS CERTIFIED MAIL

2022060060286
MMC PHARMACY, INC.
4510 16TH AVENUE
2ND FLOOR
BROOKLYN NY 11204-1101, USA

DEPARTMENT OF STATE
DIVISION OF CORPORATIONS,
STATE RECORDS AND UCC
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001

DOS-1248 (02/12)

# USPS Tracking®

FAQs >

Track Another Package +

**Tracking Number:** 9214896900597932211511

Remove ✕

Your item was delivered to a neighbor as requested at 3:11 pm on June 9, 2022 in BROOKLYN, NY 11204.

USPS Tracking Plus® Available ∨

## ⊘ Delivered, Neighbor as Requested

June 9, 2022 at 3:11 pm
BROOKLYN, NY 11204

Get Updates ∨

Text & Email Updates   ∨

Return Receipt Electronic   ∨

Tracking History   ∧

June 9, 2022, 3:11 pm
Delivered, Neighbor as Requested
BROOKLYN, NY 11204
Your item was delivered to a neighbor as requested at 3:11 pm on June 9, 2022 in BROOKLYN, NY 11204.

June 6, 2022
Pre-Shipment Info Sent to USPS, USPS Awaiting Item

